599 So.2d 787 (1992)
CITY NATIONAL BANK OF BATON ROUGE
v.
Daniel R. BROWN.
No. CA 90 1844.
Court of Appeal of Louisiana, First Circuit.
January 29, 1992.
Rehearing Denied May 6, 1992.
*788 Jennifer Zimmerman, Baton Rouge, for plaintiff-appellee City Nat. Bank of Baton Rouge.
Daniel R. Brown, Providence, R.I., for defendant-appellant Daniel R. Brown.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Daniel R. Brown appeals a judgment of the trial court granting a peremptory exception raising the objection of no cause of action filed by City National Bank of Baton Rouge (CNB). We affirm.
CNB instituted this suit against Brown, seeking to recover the balance due by Brown on a promissory note, along with interest and attorneys' fees. Brown answered CNB's petition and reconvened against CNB alleging that his employment with CNB had been wrongfully terminated. More specifically, Brown alleged that he was hired by CNB in July of 1967 and at that time he and CNB agreed that Brown would remain employed by the bank until he reached retirement age. Brown further alleged that he remained in CNB's employ for the next seventeen and one-half years and received increases in compensation as well as promotions; at the time of his termination, he held the position of Senior Vice President. Brown also alleged that in 1983, he was induced by bank officers and the bank's Board of Directors to develop a new lending program for CNB. He contended that CNB promised to supply a staff to aid him in developing this program but CNB failed to furnish him with an adequate staff. Due to this failure, the lending program suffered and he was terminated based on the results of the program. Brown alleged that this termination was a breach of the employment contract he had with CNB and that CNB's conduct amounted to an abuse of rights. Brown later amended his reconventional demand alleging that CNB's "wrongful, malicious and bad faith firing" caused severe emotional distress and mental anguish, and damage to his good name and reputation in the banking community.
CNB answered Brown's allegations, generally denying his claims. Subsequently, CNB filed the peremptory exception raising the objection of no cause of action. Once again, Brown amended his reconventional demand, alleging that the "bank's dismissal of Daniel R. Brown on November 14, 1984 was not compliant with the requirements of the National Bank Act, 12 USCA, Section 24." In response, CNB refiled the exception of no cause of action, claiming that Brown's reconventional demand "fails to state a cause of action for which relief can be granted either under the applicable National Bank Act, 12 USC § 24 (fifth) (1982) or under Louisiana state law."
After a hearing in this matter, the trial court determined it did not have subject-matter jurisdiction to decide Brown's reconventional demand. The trial court rendered judgment, which was signed February 6, 1990, sustaining the exceptions of no cause of action and dismissing Brown's reconventional demand at Brown's costs. Subsequently, Brown filed a motion to amend the February 6, 1990 judgment, seeking to have clarified that the dismissal of his action was without prejudice. At the March 9, 1990 hearing of this matter, the trial court determined that Brown's motion to amend was mislabeled and should be treated as a motion for a new trial since it was filed within the time period provided for such.
The trial court granted the motion for new trial and the parties argued regarding the merits of the exceptions, with respect particularly to the applicability of the National Bank Act to Brown's termination. Brown's attorney asserted that the National Bank Act only applies when an employee is dismissed by the bank's board of directors and that the record being considered by the court did not establish that CNB's board of directors had terminated Brown. CNB's attorney argued first, that *789 Brown's amended reconventional demand did not allege that CNB's board of directors had not terminated Brown and, second, that CNB could produce minutes from the board of director's meeting on November 13, 1984, to establish that the board of directors had voted unanimously to terminate Brown.
Subsequently, Brown's counsel asked for a stipulation from CNB's counsel that the board minutes would be placed in the record of the case. Before the hearing concluded, Brown's counsel again requested that the board minutes be put into the record of the case. The trial court sustained CNB's exception of no cause of action but conditioned the granting of the exception on the board minutes being filed into the record. CNB did produce the minutes requested by Brown's counsel and the minutes were placed in the record. The board minutes clearly establish that all members of the board were present, except one, and that all members present voted unanimously to terminate Brown's employment with the bank. The trial court's judgment, which was signed on March 13, 1990, sustained CNB's exceptions of no cause of action and dismissed Brown's reconventional demand, as amended, with prejudice at Brown's costs.[1] Brown appeals in proper person.[2]
Brown's first assignment of error is that the court erred in considering the board minutes in determining whether the exception of no cause of action should be granted. Brown asserts that the court cannot look beyond the allegations of the petition in deciding an exception of no cause of action.
Brown correctly asserts the general rule that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. However, Brown fails to recognize a well-established exception to this rule that evidence may be properly considered by the court in ruling on an exception of no cause of action where evidence is admitted without objection. In those instances, the pleadings are considered to have been enlarged. Hartman Ent. v. Ascension-St. James, 582 So.2d 198, 202 (note 2) (La.App. 1st Cir.), writ denied, 582 So.2d 195 (La.1991); Jordan v. Sweeney, 467 So.2d 569 (La.App. 1st Cir.), writ denied, 469 So.2d 985 (La.1985).
In the present case, Brown's counsel requested twice during the March 9, 1990 hearing that the board minutes be put into the record of the case. Thus, we conclude that the trial judge properly considered the board minutes in ruling on the exception. In effect, the pleadings were enlarged at the request of Brown's counsel.
Brown also asserts on appeal that the National Bank Act does not authorize CNB's termination of his employment[3] and that state law affords him a cause of action for breach of contract and detrimental reliance.
12 U.S.C. § 24 (Fifth) authorizes a national banking association "[t]o elect or appoint directors, and by its board of directors to appoint a president, vice president, *790 cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." This provision has been uniformly interpreted to mean that the board of directors of a national bank may dismiss an officer at will and without liability for a breach of an agreement to employ. Mackey v. Pioneer National Bank, 867 F.2d 520 (9th Cir.1989). An agreement which attempts to circumvent the complete discretion of a national bank's board of directors to terminate an officer at will is void as against public policy. Id.; Copeland v. Melrose Nat. Bank of New York, 229 A.D. 311, 241 N.Y.S. 429 (N.Y.App. Div.), affirmed, 254 N.Y. 632, 173 N.E. 898 (N.Y.1930). Thus, assuming that CNB had agreed with Brown to employ him until he retired, this agreement is not enforceable.
Although Brown asserted in his amended reconventional demand that he was not terminated in compliance with the requirements of the National Bank Act, 12 U.S.C. § 21 et seq., we note that there are no express statutory provisions setting forth a method of termination to be complied with by the board of directors. We also point out that Brown makes no specific allegations regarding the bank's noncompliance with the National Bank Act other than his argument that the record did not establish that he was in fact terminated by the Board. Since we have concluded that the trial court correctly considered the November 13, 1984 minutes of CNB's board of directors' meeting, we conclude that the evidence clearly establishes that the National Bank Act is applicable to the present case and precludes Brown from stating any cause of action based upon the termination of his employment with CNB by the board of directors. Brown, who held the position of Senior Vice-President at the time of his termination, was clearly an "officer" within the language of 12 U.S.C. § 24 (Fifth). See, Mackey, 867 F.2d at 525. Additionally, the minutes of the board of directors' meeting establish that Brown was in fact terminated by action of the board of directors.
Brown also asserts that even if the National Bank Act does preclude his breach of contract claim, it does not preclude a cause of action pursuant to La.C.C. art. 1967 based on detrimental reliance. This argument has no merit. 12 U.S.C. § 24 (Fifth) preempts all state law and it alone governs in those instances in which officers of national banks are dismissed. Alfano v. First National Bank of Highland, 111 A.D.2d 960, 962, 490 N.Y.S.2d 56 (N.Y.App. Div.1985); Also see, Mackey, 867 F.2d at 526. Thus, all causes of action afforded under state law resulting from a wrongful termination are precluded by this federal statute.
CNB answered this appeal, contending that it was frivolous and seeking damages for the frivolous appeal. Damages for frivolous appeal are awarded pursuant to La.C.C.P. art. 2164. However, since this statute is penal in nature, it must be strictly construed. Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1st Cir. 1990); Fisk v. Mathews, 525 So.2d 223 (La. App. 1st Cir.1988). Furthermore, appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Nungesser, 558 So.2d at 702; Fisk, 525 So.2d at 227. Even when an appeal lacks serious legal merit, damages for a frivolous appeal will not be awarded unless the appeal was taken solely for the purpose of delay or it is clear that appellant is not serious in the position he advocates. Id. In the present case, appellant represented himself in proper person and did a commendable job in writing his brief and presenting his position during oral argument. Although we find no merit in the assignments of error raised by appellant, we feel that he was sincere in advocating his position. Accordingly, we find that damages for a frivolous appeal are not warranted.
For the above reasons, we affirm the judgment of the trial court sustaining the peremptory exceptions raising the objection of no cause of action and dismissing Brown's reconventional demand, as amended, *791 with prejudice. All costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] On appeal, Brown contends that the trial court erred in treating his motion to amend the judgment as a motion for a new trial and seeks to have the court's March 13, 1990 judgment annulled. We do not address the merits of this contention. Brown's attorney, who was present at the March 9, 1990 hearing raised no objections to the actions of the trial court during this hearing and, thus, has waived these objections.
[2] In response to Brown's appellate brief, CNB filed a motion to strike Brown's brief due to references in the brief to matters that were not in the record before this court. The motion was referred to the merits of this case. Although Brown's brief does include attachments which are not in the record of this matter, we choose not to strike Brown's appellate brief, but to decide the case on the evidence in the record. See, Jarman v. Jarman, 540 So.2d 444 (La.App. 1st Cir.1989). This court cannot consider any exhibits or other matters that are not in the record.
[3] Brown asserts that the National Bank Act should not be considered because CNB failed to assert the applicability of the Act as an affirmative defense in its answer to Brown's reconventional demand. We find no merit in this contention. The substance of an answer is not significant in determining whether a pleading states a cause of action. See, Hartman, 582 So.2d at 202 (note 2).