678 So.2d 959 (1996)
STATE of Louisiana
v.
Garland BAYNES, Sr.
No. 96-K-0292.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1996.
*960 Brian Cadwallader, The Cadwallader Firm, New Orleans, for Appellant, Garland Baynes, Sr.
John F. Rowley, District Attorney, Glenn E. Diaz, Walker H. Drake, Jr., Darren M. Roy, Assistant District Attorneys, Chalmette, for Appellee, The State of Louisiana.
Before KLEES, BYRNES and MURRAY, JJ.
MURRAY, Judge.
Garland Baynes, Sr. seeks review of the trial court's denial of his motion for release of property seized under a search warrant in 1988. Finding merit in his contentions, we now convert his timely application for a supervisory writ to an appeal, vacate the judgment rendered January 5, 1996 and remand the matter for further proceedings.

Facts and Procedural History[1]
In April 1988, a warrant was issued for a search of the St. Bernard Parish residence of Garland Baynes, Sr., based upon indications that stolen jewelry, guns and electronics were concealed there. Among the items seized under the warrant and listed on the return were thirty-seven rifles and handguns. Mr. Baynes was subsequently charged with a violation of La.Revised Statute § 14:69, illegal possession of stolen things valued at more than five hundred dollars. While the bill of information listed sixteen different individuals whose property was found in Mr. Baynes' possession, only four guns were included among the allegedly stolen items.
In February 1989, on Mr. Baynes' motion and after contradictory hearing, the trial court ordered the return of all seized property except "the articles listed on the bill of information ... and also exclusive of all firearms seized." Just prior to the scheduled trial date in September 1989, the court heard Mr. Baynes' renewed motion for the return of all weapons not listed on the bill of information. Although the minute entry for this date indicates the State had no objection to the motion, the matter was taken under advisement.
A jury trial was held September 13-15, 1989, at which, according to Mr. Baynes, only three of the four allegedly stolen guns were offered into evidence. Mr. Baynes was found guilty as charged, and the trial court subsequently denied his motion for return of the guns. A five-year prison sentence was imposed without any mention regarding the disposition of the weapons. Mr. Baynes appealed, but did not raise the issue of the return of his property; his conviction and sentence were affirmed in an unpublished opinion. State v. Baynes, 90-KA-0320, 575 So.2d 954 (La.App. 4th Cir.), writ denied, 580 So.2d 911 (La.1991).
Another motion for return of the seized property was filed in February 1992. At the hearing on this motion, in September 1992, counsel made clear that it was being urged by Mr. Baynes' children, Lynette B. Shuff and Garland Baynes, Jr., as intervenors. This motion was based upon a purported Bill of Sale dated August 1, 1991 by which Josephine Baynes, Mr. Baynes' wife, acknowledged receipt of one hundred dollars from the children in exchange for the weapons at issue. The motion was denied without reasons in October 1992, and on December 15, 1992 this court denied an application for supervisory writs filed by the children.
*961 On August 29, 1995, Mr. Baynes received a full pardon from the Governor, with his right to own and possess firearms specifically restored. The present motion to inspect and to release property was filed in the criminal proceedings one month later. A hearing was ordered at which the District Attorney was to show cause "why an order should not issue to the Sheriff ... to show cause why the listed weapons should not be returned to [Mr. Baynes]." The trial court denied Mr. Baynes' proposed Order directing the St. Bernard Sheriff to permit an examination of the weapons and related records.
At the hearing held November 9, 1995, Mr. Baynes testified that shortly after he was pardoned his children transferred ownership of the guns back to him. In support, he produced a copy of the prior Bill of Sale to which had been added the statement that "I give to Garland Baynes Sr. whatever interest I may have in his weapons collection," followed by the signatures of G.K. Baynes [Jr.] and Lynette B. Shuff, dated September 10 and 11, 1995, respectively.
Mr. Baynes' motion was taken under advisement. On January 5, 1996, the trial court rendered judgment, again without reasons, denying the motion to return seized property.

Discussion
Although Mr. Baynes has sought review by application for supervisory writ, the judgment complained of is a final and appealable judgment. La.Code Civ.Proc.Ann. arts. 1841, 2083. Since the application was filed February 7, 1996, it must be treated as a timely appeal. Armstrong v. Stein, 94-0097 (La. 3/18/94), 634 So.2d 845; City of New Orleans v. Benson, 95-2436, p. 6 (La.App. 4th Cir. 12/14/95), 665 So.2d 1202, 1205. In addition to the briefs submitted by Mr. Baynes and the St. Bernard Parish District Attorney's office, the parties have presented copies of all relevant pleadings and transcripts. Accordingly, the writ application is converted to an appeal and we render our opinion herewith.
Property seized in connection with a criminal proceeding must be returned to the owner once it is not needed as evidence, unless it is declared to be contraband or forfeited under a specific statute. La. Const., Art. I § 4; La.Rev.Stat.Ann. § 15:41. It is not contended that the thirty-seven weapons that Mr. Baynes seeks to recover are contraband or subject to forfeit, nor is it alleged that they were destroyed or otherwise disposed of under a valid court order. Therefore, these weapons must be returned to the owner.
The State, however, argues that Mr. Baynes is precluded from claiming his property by the res judicata effect of the trial court's prior judgments of February 2, 1989 and September 20, 1989, as well as Mr. Baynes' failure to raise the issue in the appeal of his criminal conviction. We reject that argument. The trial court ordered the return of some seized property in its first judgment, but retained the remainder, including all firearms, despite both of the pretrial motions by Mr. Baynes. The court appears to have recognized that the remaining weapons had the potential to be used as evidence in the criminal proceedings until Mr. Baynes' conviction and sentence became final. La.Rev.Stat.Ann. § 15:41 B; see, e.g., State v. Bordelon, 538 So.2d 1087 (La.App. 3d Cir.), writ denied, 546 So.2d 1211 (La. 1989); State v. Feeback, 434 So.2d 466 (La. App. 2d Cir.1983). Mr. Baynes' entitlement to the return of these weapons could not have been put at issue in the earlier proceedings, nor is there any indication that his ownership of them was actually litigated. Since there was no express adjudication concerning these weapons during the course of the criminal proceedings, res judicata does not bar his asserting his right to their return in this proceeding. La.Rev.Stat.Ann. § 13:4231, prior to amendment by 1990 La. Acts 521.
The State also contends that these weapons need not be returned to Mr. Baynes because the two-year time limit of Revised Statute § 15:41 B(2) has expired. That provision states that "if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order[]" it sold at auction, donated or otherwise disposed of. This statute must be construed in favor of maintaining an owner's *962 property rights because of the explicit constitutional directive that "[p]ersonal effects shall never be taken," La. Const., Art. I § 4. Because there is no express provision that an owner abandons all rights if no claim is made within two years, the time limit of R.S. 15:41 B(2) must be interpreted as a minimum period before a court may act to dispose of the seized property. The State does not contend that any court entered an order disposing of the property after the two-year retention period had elapsed. Therefore, R.S. 15:41 B(2) does not preclude Mr. Baynes' asserting the present claim.
Finally, the State argues that Mr. Baynes has not established his ownership of the weapons because the purported transfer by his children was neither a manual donation nor done by authentic act. We disagree. Mr. Baynes' children previously claimed to have purchased the seized property from their mother but their claim was rejected by the trial court. When the children sought supervisory writs, this court denied their application, stating that "[t]here was insufficient proof of ownership to mandate the return of the weapons."
Civil Code article 530 states that "[t]he possessor of a corporeal movable is presumed to be its owner." Under Article 2340, "[t]hings in possession of a spouse ... are presumed to be community, but either spouse may prove that they are separate property." Each spouse, acting alone, may manage or dispose of community property except in specified instances. La.Civ.Code Ann. art. 2346. In this case, the property was seized from Mr. and Mrs. Baynes' residence, which gives rise to the presumption that they are the owners in indivision. Because it was determined that Mrs. Baynes' purported sale to the children was ineffective, Mr. Baynes may claim the property on behalf of the community unless Mrs. Baynes establishes that these weapons were her separate property.
Although we thus find that Mr. Baynes has established his right to the return of these weapons, he has not complied with the procedural requirements for their return.[2] Revised Statute 15:41 C specifies that a motion for the return of property seized in connection with a criminal proceeding shall be heard contradictorily with the clerk of court. The record does not indicate that the clerk of court was made a party to any hearing regarding the disposition of this property. In addition, the St. Bernard Sheriff's Office also should be made a party to this proceeding because the State asserts that the Sheriff's Office has retained custody of this property under Article 228.3 of the Code of Criminal Procedure.
Accordingly, the judgment below is vacated. This matter is remanded to the trial court to set the case for a hearing at which the St. Bernard Parish Clerk of Court and the St. Bernard Parish Sheriff's Office shall be ordered to show cause why the thirty-seven weapons at issue should not be returned to Garland Baynes, Sr. After this contradictory hearing, the court shall render a final, appealable judgment on the merits.[3]
WRIT CONVERTED TO APPEAL: JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] The considerable portions of the record and the briefs submitted to this Court indicate that there is no dispute as to facts and proceedings outlined here.
[2] We note that an action for return of property, even if governed in part by criminal statutes, is by nature a civil action, especially where, as here, the criminal proceedings have been concluded. See State v. Lamb, 26,257, p. 5 (La.App. 2d Cir. 10/26/94), 645 So.2d 791, 794. Since the district court in which Mr. Baynes petitioned for the return of these weapons has both criminal and civil jurisdiction, we do not find the filing of these pleadings in the closed criminal case to be fatal.
[3] If requested under Article 1917 of the Code of Civil Procedure, the court shall also prepare an opinion setting forth its factual findings and reasons for judgment.