h SULLIVAN, Judge.
Jack Owens appeals the trial court’s grant of an exception of prescription in favor of Sheriff Ronnie Book, the sheriff of Catahoula Parish. For the following reasons, we reverse.

Facts

On July 10, 1989, a barge allegedly owned by Mr. Owens was seized by the Catahoula Parish Sheriffs Department (CPSD) in connection with the arrest of James Taylor for two counts of felony theft.[1] According to the record, Mr. Taylor was arrested and appeared for a magistrate hearing on July 10, 1989. The record reflects that the deputy sheriff who informed the court of the charges against Mr. Taylor requested that the barge be seized and that the court would render a decision on the request later that day. Apparently, the court granted the deputy’s request as the barge was seized. Thereafter, no further action was taken against Mr. Taylor, and no action was taken with regard to the barge until 1999.
On August 24, 1999, Mr. Owens filed a motion to release evidence to obtain the barge. However, no action was taken on the motion, and, on February 17, 2000, he filed another motion to release evidence. Pursuant to the second motion, the court ordered that the barge be released to him. On February 12, 2001, Mr. Owens filed suit against Sheriff Book and Donnie Lit-tleton, the sheriffs officer who physically seized the barge from Mr. Owens’ home, alleging that the barge had been damaged *1218 while in their possession and that two tires are missing from the barge. He seeks damages.
^Sheriff Book and Mr. Littleton filed exceptions of prescription. After a hearing, the trial court granted Sheriff Book’s exception but denied Mr. Littleton’s. This appeal followed.

Discussion

Sheriff Book contends that Mr. Owens’ claim is subject to liberative prescription of one year and was prescribed when he filed suit because he had not taken any action to have the barge returned to him for more than eleven years. Mr. Owens argues that his claim against the CSPD was not prescribed because he could not know of any damage to the barge until it was released to him, and he filed suit within one year of his knowledge of the damage.
“Property seized in connection with a criminal proceeding must be returned to the owner once it is not needed as evidence, unless it is declared to be contraband or forfeited under a specific statute. La. Const., Art. I § 4; La.Rev.Stat.Ann. § 15:41.” State v. Baynes, 96-0292, pp. 3-4 (La.App. 4 Cir. 7/31/96); 678 So.2d 959, 961. In Baynes, the defendant sought the return of guns that had been seized under a warrant in 1988. He was convicted of illegal possession of stolen things valued at more than five hundred dollars. In 1995, he received a full pardon which specifically restored his right to own and possess firearms. Thereafter, he filed a motion to inspect and release the guns.
The State opposed Baynes’ motion, arguing in part that La.R.S. 15:41 allowed him two years to claim the property and his failure to do so terminated its obligation to return the property. La.R.S. 15:41(B) provides for “the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence.” If the property is not contraband, it is to be |3returned to the owner. La.R.S. 15:41(B)(1). La.R.S. 15:41(B)(2) provides in part, “if the owner of noncontra-band property does not claim it within six months after its seizure,” the court is to either order a public sale of the property or some other disposition of it.[2]
The court in Baynes rejected the State’s argument that Baynes’ failure to claim the property within two years terminated its obligation to return his property to him, finding:
The State also contends that these weapons need not be returned to Mr. Baynes because the two-year time limit of Revised Statute § 15:41 B(2) has expired. That provision states that “if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order[]” it sold at auction, donated or otherwise disposed of. This statute must be construed in favor of maintaining an owner’s property rights because of the explicit constitutional directive that “[pjersonal effects shall never be taken,” La. Const., Art. I § 4. Because there is no express provision that an owner abandons all rights if no claim is made within two years, the time limit of R.S. 15:41 B(2) must be interpreted as a minimum period before a court may act to dispose of the seized property. The State does not contend that any court entered an order dispos *1219 ing of the property after the two-year retention period had elapsed. Therefore, R.S. 15:41 B(2) does not preclude Mr. Baynes’ asserting the present claim.
Id. at 962.
In Taiae v. City of Baton Rouge, 00-915 (La.App. 1 Cir. 6/22/01); 808 So.2d 677, the plaintiff sought the return of money that had been seized when he was stopped and questioned by the United States Border Patrol. The Border Patrol turned the money over to the Baton Rouge City Police Department. Mr. Taiae was never charged with a crime. The stop and seizure occurred on September 22, 1993; he did not file suit for the return of his money until 1999. The trial court granted the ^defendants’ exception of prescription. Reversing the action of the trial court, the court of appeal stated:
Even if Mr. Taiae’s cause of action is subject to a one-year prescriptive period, we conclude the defendants failed to carry their burden of proving the suit was prescribed as a conversion action. There is no evidence in the record indicating when Mr. Taiae knew or should have known of the loss of his money .... the defendants’ possession of the money was initially lawful because it was seized in connection with a criminal investigation. However, at some point, when the decision was made not to charge Mr. Taiae with a crime, the defendants’ possession of the money arguably constituted conversion because it was “an act in derogation of the plaintiffs possessory rights, and any wrongful exercise of assumption of authority over another’s goods, depriving him of possession.” Johnson v. Hardy, 98-2282 (La.App. 1 Cir. 11/5/99), 756 So.2d 328, 333. However, there is no evidence in the record demonstrating when the defendants’ possession of the seized money became adverse to Mr. Taiae’s possession. Further, there is no evidence that Mr. Taiae had knowledge of the adverse possession of his property. See Dillon, 534 So.2d at 1374. Without this evidence, the date upon which the one-year prescriptive period would have begun cannot be determined. Therefore, we find the defendants failed to prove that any action for conversion as-sertable by Mr. Taiae was prescribed.
Id. at 680.
There is no evidence in the record establishing that the State’s possession of the barge became adverse to Mr. Owens and, if it did, that he knew its possession of the barge was adverse to him. Baynes and Taiae were actions for conversion; Mr. Owens’ claims are for damages to the barge, as well as conversion of two tires. The prescriptive period applicable to all of these claims is one year. The reasoning in Baynes and Taiae is applicable to Mr. Owens’ claims. On the facts presented herein, Mr. Owens’ claims were not prescribed when he filed suit.

Decree

The judgment of the trial court is reversed. All costs of this appeal are assessed to Sheriff Ronnie Book.
REVERSED.

. The criminal matter is entitled "State of Louisiana v. James H. Taylor, Docket No. 89-1121, 7th Judicial District Court, Parish of Catahoula, Louisiana.”

. Prior to amendment in 1999, La.R.S. 15:41 the six month period was two years. This amendment does not affect our holding herein.