819 So.2d 484 (2002)
Jack F. OWENS, Jr.
v.
Sheriff Ronnie BOOK, et al.
No. 02-90.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*485 Paul Lemke, Harrisonburg, LA, for Plaintiff/Appellant: Jack F. Owens, Jr.
Christopher L. Boothe, Smith, Taliaferro, Purvis & Boothe, Jonesville, LA, for Defendants/Appellees: Sheriff Ronnie Book and Professional Government Underwriters, Inc.
Court composed of NED E. DOUCET, JR., Chief Judge, JOHN D. SAUNDERS, and OSWALD A. DECUIR, Judges.
DOUCET, Chief Judge.
Plaintiff, Jack F. Owens, appeals a judgment of the district court dismissing his suit against Defendants, Sheriff Ronnie Book (via an exception of res judicata) and Professional Government Underwriters, Inc. (via an exception of no right/no cause of action). We reverse as to Sheriff Book and affirm as to Professional Government Underwriters, Inc., and remand for further proceedings.

FACTS
Another suit involving two of the same parties as in the case sub judice and seeking the same relief was before this court in January; we quote from the opinion rendered in that case:
On July 10, 1989, a barge allegedly owned by Mr. Owens was seized by the Catahoula Parish Sheriffs Department (CPSD) in connection with the arrest of James Taylor for two counts of felony theft.[1] According to the record, Mr. Taylor was arrested and appeared for a magistrate hearing on July 10, 1989. The record reflects that the deputy sheriff who informed the court of the charges against Mr. Taylor requested that the barge be seized and that the *486 court would render a decision on the request later that day. Apparently, the court granted the deputy's request as the barge was seized. Thereafter, no further action was taken against Mr. Taylor, and no action was taken with regard to the barge until 1999.
On August 24, 1999, Mr. Owens filed a motion to release evidence to obtain the barge. However, no action was taken on the motion, and, on February 17, 2000, he filed another motion to release evidence. Pursuant to the second motion, the court ordered that the barge be released to him. On February 12, 2001, Mr. Owens filed suit [No. 21,744] against Sheriff Book and Donnie Littleton, the sheriff's officer who physically seized the barge from Mr. Owens' home, alleging that the barge had been damaged while in their possession and that two tires are missing from the barge [the suit also named "the liability insurer of Sheriff Ronnie Book whom [sic] will be named at a later date"]. He seeks damages.
Sheriff Book and Mr. Littleton filed exceptions of prescription. After a hearing, the trial court granted Sheriff Book's exception but denied Mr. Littleton's.
Owens v. Book, 01-1151, p. 1 (La.App. 3 Cir. 3/6/02); 809 So.2d 1217, 1218.
The trial court judgment in the preceding case was rendered May 17, 2001, and signed May 29, 2001. A devolutive appeal was granted on June 11, 2001. This court, in case No. 01-1151, reversed the judgment of the trial court.
On May 29, 2001, Plaintiff filed the instant suit, No. 21,883, in the Seventh Judicial District. This suit arises out of the same set of operative facts, seeks the same relief, and names Sheriff Book and his liability insurer, Professional Government Underwriters, Inc., as Defendants. In answer to the instant suit, Sheriff Book filed a "Peremptory Exception of Res Judicata." Professional Government Underwriters, Inc. filed "Peremptory Exceptions Of No Right Of Action And No Cause Of Action." All exceptions were heard and sustained on September 10, 2001. A judgment to that effect was signed September 24, 2001. This appeal followed.

LAW AND DISCUSSION

The Exception of Res Judicata
La.R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
To sustain a plea of res judicata, it is necessary that there be a final judgment. La. R.S. 13:4231; Henry Ins. Agency, Inc. v. Desadier, 94-39 (La.App. 3rd Cir.10/5/94); 643 So.2d 374. In Leon v. Moore, 98-1792, pp. 4-5 (La.App. 1st Cir.4/1/99); 731 So.2d 502, 504-05, writ denied 99-1294 (La.7/2/99), 747 So.2d 20 *487 (footnote omitted), our brethren of the first circuit noted as follows:
Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654, 95-0671, p. 11-12 (La.1/16/96); 666 So.2d 624, 631. The original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause of action and the same object of demand as the prior suit. Arbour, The Louisiana Concept of Res Judicata, 34 La. L.Rev. 763,764 (1974). However, under La. R.S. 13:4231, as amended in 1990 effective January 1, 1991, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Terrebonne Fuel & Lube, Inc., 95-0654, 95-0671 at 12; 666 So.2d at 632.
The purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96); 676 So.2d 1077, 1079. La. R.S. 13:4231 provides that a valid and final judgment is conclusive between the parties, except on appeal or other direct review. Additionally, La. C.C.P. art. 1673; provides that a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Avenue Plaza, 96-0173 at p. 7; 676 So.2d at 1080.
Avenue Plaza, L.L.C., 96-0173, p. 5; 676 So.2d 1077, 1079 (emphasis ours), explained as follows: "A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error. Tolis [v. Board of Sup'rs of Louisiana State University, 95-1529, p.] (3)27 3 [(La.10/16/95); 660 So.2d 1206], (3)27 1206-1207."
In the case sub judice, the second suit, i.e., the suit before this panel, was filed before the delays for appeal had run in the first suit, i.e., No. 21,744, and, in fact, an appeal was taken in that case. Hence, the trial court erred in sustaining Sheriff Book's exception of res judicata in this case; there never was a final judgment in the previous case upon which to base such an exception. Accordingly, we reverse the trial court's ruling and overrule the exception of res judicata filed by Sheriff Book.

The Exception of No Right/No Cause of Action
In Steed v. St. Paul's United Methodist Church, 31,521, 31,522, p. 7-8 (La. App. 2 Cir. 2/24/99); 728 So.2d 931, 939, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290 (emphasis ours), the second circuit explained:
[T]he exception of no cause of action is a peremptory exception intended to test the legal sufficiency of the petition. La. C.C.P. art. 927; Roberts v. Sewerage Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341. It is tried only on the face of the pleadings; generally, it must be overruled unless the allegations in petition exclude every reasonable *488 hypothesis other than the premise on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Id.; Haskins v. Clary, 346 So.2d 193 (La.1977). Every reasonable interpretation must be accorded the allegations in favor of maintaining the sufficiency of the petition. Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (1991).
Every pleading is construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control; the court is obligated to determine the substance of the pleading. Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir.1983).
The exception to the general rule that the exception of no cause of action "is tried only on the face of the pleadings" was explained in Byers v. Edmondson, 97-0831, p. 7 (La.App. 1st Cir.5/15/98); 712 So.2d 681, 686, writ denied, 98-1-596 (La.10/9/98), 726 So.2d 29, cert. denied, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999):
Generally, no evidence may be introduced to support or controvert the exception. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. Otherwise, the exception is triable on the face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 241; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. The court must determine if the law affords plaintiff a remedy under those facts. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.
Treasure Chest Casino, L.L.C. relies on City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), which states:
Brown correctly asserts the general rule that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. However, Brown fails to recognize a well-established exception to this rule that evidence may be properly considered by the court in ruling on an exception of no cause of action where evidence is admitted without objection. In those instances, the pleadings are considered to have been enlarged. Hartman Ent. v. Ascension St. James, 582 So.2d 198, 202 (note 2) (La.App. 1st Cir.), writ denied, 582 So.2d 195 (La.1991); Jordan v. Sweeney, 467 So.2d 569 (La.App. 1st Cir.), writ denied, 469 So.2d 985 (La. 1985).
In the case sub judice, the Professional Government Underwriters, Inc. policy issued to Sheriff Book was admitted into evidence without objection. Therefore, we may properly consider the terms of that policy in our review of the trial court's ruling on Professional Government Underwriters, Inc.'s exception of no cause of action. Section 1 of the policy is entitled "Coverages." Subsection "A" of Section 1 is entitled "Bodily Injury and *489 Property Damage Liability." Under the Bodily Injury and Property Damage Liability section, subsection "2" lists "Exclusions" and states: "This insurance does not apply to: ... e. "Property Damage" to: ... (3) Personal property in your care, custody or control, except property of persons in custody by virtue of arrest or detention."
Footnote one in the prior opinion of this court shows the "barge" was seized in connection with a criminal case: "State of Louisiana v. James H. Taylor, Docket No. 89-1121, 7th Judicial District Court, Parish of Catahoula, Louisiana." There is no indication that Plaintiff, Jack F. Owens, Jr., was ever "in custody by virtue of arrest or detention." Such being the case, Plaintiff has no cause of action against Professional Government Underwriters, Inc. for any damage to his barge. Thus, although it appears from the record that Professional Government Underwriters, Inc.'s exception of no cause of action was granted for the wrong reason (the trial judge stated that because Sheriff Book's exception was sustained, Professional Government Underwriters, Inc.'s exception of no cause of action was moot), the result is correct.
Accordingly, for the reasons stated, we reverse the trial court's ruling on the issue of the Exception of Res Judicata and affirm its ruling on the Exception of No Cause of Action. The case is remanded for further action, not inconsistent with the rulings herein. All costs of this appeal are assessed against Defendant, Sheriff Ronnie Book.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] The criminal matter is entitled "State of Louisiana v. James H. Taylor, Docket No. 89-1121, 7th Judicial District Court, Parish of Catahoula, Louisiana."