976 So.2d 329 (2008)
Diane SULLIVAN, nee Bonnett, Plaintiff-Appellant
v.
John SULLIVAN, Defendant-Appellee.
No. 42,923-CA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
Rehearing Denied March 13, 2008.
*331 Harold A. Murry, Lafayette, Victoria Reed Murry, Alexandria, for Appellant.
Donald L. Kneipp, Monroe, for Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
In settlement of claims arising from their divorce, a husband and wife entered into stipulated judgments regarding division of community property and spousal support in February 2001. The wife now seeks to rescind the parties' agreement for "contractual spousal support" and to annul, or alternatively, to supplement the community property partition. The trial court granted the husband's exceptions of prescription as to both the claim for rescission of the alimony agreement and annulment of the community property partition. The court allowed the wife to proceed with the supplemental community property action for items of property omitted from the partition upon amendment of her petition. The wife appeals the judgment sustaining the prescription exceptions. For the following reasons, we affirm the dismissal of these claims.

Facts and Procedural History
John and Diane Sullivan were divorced on March 21, 2001. On January 9, 2001, the parties orally agreed to division of community property and alimony. Two written stipulated judgments memorialized the agreements on February 22, 2001. In relevant part, the community property division agreement awarded full ownership of the matrimonial domicile to Diane. John agreed to pay the mortgage on the home in full within three years of the agreement. John received full ownership of the couple's interest in Bamburg Steel Buildings, Inc.[1] A second steel-related corporation, Steel Erections, Inc., which is now subject to this dispute was not listed in the partition. The parties agreed that the partition constituted a compromise of *332 the parties' claims and waived any action in lesion.
The stipulated alimony agreement ordered John to pay Diane contractual spousal support as follows:
a. Beginning January 10, 2001, the sum of Five Thousand and No/100 ($5,000.00) Dollars each month for six (6) months; and,
b. Beginning July 10, 2001, the sum of One Thousand and No/100 ($1,000.00) Dollars each month for six (6) months, at which time this obligation shall cease and plaintiff will no longer be entitled to any spousal support of any nature by virtue of her waiving and relinquishing any and all rights thereto pursuant to the stipulation agreed to herein; provided, however, that said waiver and relinquishment is rescinded if defendant, JOHN SULLIVAN, fails to discharge and/or declares bankruptcy on any part of the indebtedness described in the companion Stipulated Judgment entered into contemporaneously with this Stipulated Judgment.
The terms of John's obligation to retire the home mortgage indebtedness were set forth in the other stipulated judgment as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, JOHN SULLIVAN, shall continue to pay the mortgage indebtedness on the former matrimonial domicile and shall have said mortgage indebtedness paid in full within three (3) years. Further, defendant, JOHN SULLIVAN, shall continue to pay the taxes and insurance on the former matrimonial domicile.
On March 31, 2005, Diane filed a rule for contempt against John. She alleged that John "failed to comply with his obligation to `have said mortgage indebtedness paid in full within three (3) years.'" Based upon John's "non-compliance with the obligation imposed upon him to pay off the mortgage within three years," Diane prayed that John be found guilty of contempt. Following a contempt hearing on February 8, 2006, the court found John in contempt of court and ordered that he pay the remaining $82,026.66 obligation on the matrimonial domicile by February 21, 2006, or serve 90 days in jail and pay $5,000 in attorney's fees.
On July 5, 2006, Diane filed separate petitions seeking to set aside both stipulated judgments. These petitions, which were dismissed in response to peremptory exceptions, are the subject of this appeal.
Petition for Rescission of Alimony Agreement
Diane sought to enforce the rescission clause of the spousal support agreement based upon John's failure to pay off the matrimonial domicile mortgage indebtedness within the required three years. Specifically, Diane sought to rescind her waiver and relinquishment of her right to permanent alimony.
John filed Exceptions of Prescription, No Cause of Action and Res Judicata in response to the claim for rescission of the alimony stipulated judgment. Attached to his memorandum in support of the exceptions was a copy of John's check which paid off the house debt on February 28, 2006, in an apparent response to the contempt judgment and its threatened jail time.
After reviewing the exceptions and memorandum submitted by the parties, the trial court granted John's exception of prescription on the alimony claim without stating the legal grounds for the ruling. The court specifically denied John's exceptions of no cause of action and res judicata. Diane appeals the judgment dismissing her claims for rescission of the agreement on the grounds of prescription.
*333 Petition for Annulment of Community Property Agreement
Diane also filed a petition to annul the stipulated judgment for partition of the community property on the grounds of fraud and ill practices or alternatively, for supplemental partition of the community property. She claimed that John "fraudulently, willfully, and knowingly failed to disclose the existence of a community business enterprise, namely, Steel Erections, Inc., and/or other business interests and/or assets, on his sworn detailed descriptive list." She made no specific allegation concerning Bamburg Steel Buildings, Inc.
John filed Exceptions of Prescription and No Cause of Action relating to the community property partition. Following a hearing, the trial court granted John's prescription exception on the claim for rescission of the partition without stating any legal authority for the ruling. The May 9, 2007 judgment, however, gave Diane fifteen days to amend her petition to more particularly state a cause of action for the supplemental partition of undisclosed community property. Diane appeals the partial judgment dismissing her claims for annulment of the community property partition on the grounds of prescription.[2]

Discussion
The combined Stipulated Judgments of February 20, 2001, dealt with child support and custody, spousal support, responsibility for community debts, and partition of community assets. Obligations and expected performance under both agreements were interrelated. The "contractual spousal support" provision of the Stipulated Judgment quoted above links its operation to John's obligation under the "companion Stipulated Judgment" for the payment of the home mortgage. All of these various marital matters were compromised by the parties, and their settlement was sanctioned by the court in the form of the two related judgments. Diane's two petitions filed over five years after the compromise seek to unravel the prior complicated resolution of these matters after substantial performance by the parties and the effects of the agreement had been largely realized.

I.
The parties crafted a "contractual spousal support" agreement which Diane now seeks to dissolve. John's performance obligations under this contract required him to first pay $36,000 in periodic payments to Diane throughout 2001 and to also pay the monthly installments on the parties' former home which Diane received in full ownership in the companion partition. After three years of the mortgage payments, John was obligated to pay off the entire mortgage debt by January 2004. His failure to pay this monetary support according to the agreement would result in the reinstatement of Diane's right to seek spousal support.
Diane's petition now claims that John breached this contractual spousal support agreement. John defended with the three peremptory exceptions for no cause of action, res judicata and prescription. The trial court's ruling for dismissal of the action was stated to be based on prescription, although the court did not identify the applicable prescriptive period. Because the prescriptive periods urged by John are unpersuasive to this court,[3] we *334 choose to affirm the trial court's dismissal on the basis of the other peremptory exceptions before the trial court.
An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. Id. The jurisprudence recognizes an exception to the rule that no evidence may be admitted to support or controvert an exception of no cause of action. The court is allowed to consider evidence which is admitted without objection to enlarge the pleadings. City National Bank of Baton Rouge v. Brown, 599 So.2d 787 (La.App. 1st Cir.1992) writ denied, 604 So.2d 999 (La.1992); Owens v. Book, 02-90 (La.App. 3d Cir.6/5/02), 819 So.2d 484.
In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. Badeaux, supra. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Badeaux, supra; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Badeaux, supra. The failure to disclose a cause of action may be noticed by the appellate court of its own motion. La. C.C.P. art. 927.
In addition to the petition's allegations concerning Diane's contempt action and resulting court order finding John delinquent in failing to pay off the mortgage indebtedness, the record as a whole and the uncontested evidence presented in support of the peremptory exceptions show that John has now paid all monies listed for payment in the contractual spousal support agreement. The mortgage indebtedness was paid off by John on February 28, 2004, to insure that he served no jail time pursuant to the contempt order.
From this situation, the exception of no cause of action may be recognized. The judicial dissolution of the agreement sought by Diane's petition is no longer appropriate. Civil Code Article 2013 provides for dissolution, as follows:

*335 When the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved. In either case, the obligee may recover damages.
In an action involving judicial dissolution, the obligor who failed to perform may be granted, according to the circumstances, an additional time to perform.
Additionally, performance by the obligor extinguishes the obligation. La. C.C. art. 1854.
By her own actions in seeking the coercive civil contempt remedy, the record reveals that Diane obtained John's full performance. Damages she might claim for his tardy performance are not sought in her present petition. Accordingly, we affirm the trial court's dismissal of the action for spousal support on the exception of no cause of action.
Additionally, we note that the exception of res judicata also appears to support the trial court's dismissal of the action. La. R.S. 13:4231(1) lists the following ground for res judicata:
If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
In this case, Diane sought and successfully obtained a civil contempt order for John's delinquency in failing to pay off the mortgage indebtedness. At that time, she chose not to raise her present claim for dissolution of the "contractual spousal support" payment for that same delinquency. Accordingly, any other cause of action contesting John's delinquency was extinguished and merged into the initial judgment of relief in her favor.

II.
The substantive ground for Diane's claim to annul the 2001 partition of the community was that the community's ownership of Steel Erections, Inc., and certain other unidentified "business interests" of John were left out of the partition due to John's fraudulent failure to disclose. Once again, given the choice between John's peremptory challenges to this claim, the exception of no cause of action correctly requires dismissal of the remedy for annulment of the entire partition.
Under the section of the Civil Code dealing with the rescission of partition of succession properties, the mere omission of a thing, belonging to the succession, is not ground for rescission, but simply for a supplementary partition. La. C.C. art. 1401. By analogy this principle applies to the partition of the community. Gautney v. Gautney, 35,398 (La.App. 2d Cir.4/3/02), 814 So.2d 717; Rollison v. Rollison, 541 So.2d 375 (La.App. 2d Cir.1989); Mire v. Mire, 06-511 (La.App. 3d Cir.9/27/06), 962 So.2d 1. When co-owned property is omitted from the spouses' partition, the jurisprudence holds that each spouse continues as co-owner and is entitled to a supplemental partition. Gautney, supra. Even when an original partition explicitly purports to be a full and final property settlement between the spouses, the courts have allowed supplemental partitions of omitted assets when the facts and intent of the parties warrant it. Mire, supra; Day v. Day, 02-0431 (La.App. 1st Cir.5/28/03), 858 So.2d 483, writ denied, 03-1845 (La. 11/7/03), 857 So.2d 492. The courts have held that an inadequate partition or no partition at all permits the parties to continue as co-owners as to any undivided property. Mire, supra; LeBlanc *336 v. LeBlanc, 05-212 (La.App. 3d Cir.11/2/05), 915 So.2d 966.
There is no prescription period applicable to the right of a co-owner of property to bring a petition to partition that property. LeBlanc v. LeBlanc, supra; Terrebonne v. Theriot, 94-1632 (La.App. 1st Cir.6/23/95), 657 So.2d 1358, writ denied, 95-2249 (La.11/27/95), 663 So.2d 743. A spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null. La. C.C. art. 2369.8.
Although the stock of Bamburg Steel Buildings, Inc. was listed in the 2001 partition, community ownership of Steel Erections, Inc. was not. Under the above law, the omission of Steel Erections, Inc. stock from the partition is not grounds for rescission of the parties' partition. Thus, Diane's allegations disclose no cause of action for rescission of the entire partition agreement. The trial court's partial judgment dismissing Diane's claimed remedy of rescission is affirmed for this reason.

Conclusion
For the foregoing reasons, the judgment of the trial court dismissing Diane's petitions to rescind the spousal support agreement `and to annul the community property partition is affirmed. Costs of the appeal are assessed against Diane.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, CARAWAY and PEATROSS, JJ.
Rehearing denied.
PEATROSS, J., would grant rehearing.
NOTES
[1] The record contains only the detailed descriptive list of community property filed by Diane who listed Bamburg Steel Buildings, Inc. as a community asset with unknown value.
[2] On October 4, 2007, the court certified the partial final judgment as a final judgment subject to appeal.
[3] The prescriptive period argued by John is based on the action for nullity of a judgment. La. C.C.P. art. 2001, et seq. The Stipulated Judgment merely confirmed the parties' compromise of the issue of spousal support and their establishment of a commutative contract. There is no vice of form or substance of a judgment involved, nor fraud or ill practices in its obtainment. La. C.C.P. arts. 2001 and 2004. On the other hand, viewed as a compromise, rescission for error, fraud or other grounds for annulment of contracts is not the basis of Diane's claim. La. C.C. art. 3082. Therefore, the prescriptive period of La. C.C. art. 2032 is inapplicable. Diane's claim is for the dissolution of a contract to which Civil Code Articles 2013, et seq., apply. A significant portion of John's performance which extended over a stipulated time period was performed by the time of the alleged breach of the contract in July 2004. Under this view of the parties' contract, we agree with Diane that the general ten-year provision for prescription on a personal action in contract applies. La. C.C. art. 3499.