GUIDRY, J.,
dissenting.
| ^Louisiana Code of Criminal Procedure article 167 states that “[w]hen property is seized pursuant to a search warrant, it shall be retained under the direction of the judge. If seized property is not to be used as evidence or is no longer needed as *206 evidence, it shall be disposed of according to law, under the direction of the judge.” See also La. Const, art. I, § 5. Accordingly, La. R.S. 15:41, concerning the disposition of property seized in connection with criminal proceedings, provides in part:
B. ... the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within six months after its seizure, the court shall order:
(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, 12renovation, preservation, or improvement of the court building, facilities, or records system.
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.
C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure. [Emphasis added.]
In this case, the property that the defendant seeks to recover is not statutorily declared contraband. There is no requirement in La. R.S. 15:41 that a defendant invoke a proceeding to test whether the items seized were “evidence tending to prove the commission of an offense.” See La. C. Cr. P. art. 161 A(3). Rather, the fact that the evidence was seized by the police pursuant to a purportedly valid search warrant would mandate a presumption that the evidence was lawfully seized in accordance with the requirements of La. C. Cr. P. art. 161 A. Further, according to the plain language of La. R.S. 15:41 B(l), the court was required to return property to the defendant if it was not to be used as evidence.
The mere fact that the government retained the items that Foster seeks to have returned to him is indicative of the fact that the items seized could potentially be used in prosecuting him for the charged offense. As such, Foster could not validly seek the return of his property being held under such circumstances until he was certain that the property would not be used as evidence against him, which was when his convictions and sentence became final. See State v. Baynes, 96-0292, p. 4 (La.App. 4th Cir.7/31/96), 678 So.2d 959, 961. In this case, Foster’s conviction and sentence for pharmaceutical theft became final when the Louisiana Supreme Court denied his writ application on January 30, 2004. As Foster filed a | ^contradictory motion for the return of his property on May 14, 2003, *207 I believe the motion was timely and not barred by prescription. In so finding, I respectfully dissent.