CARAWAY, J.,
concurring.
hi respectfully concur in the majority’s reversal of the trial court’s grant of the exception of prescription. Nevertheless, I view the parties’ estimation and alleged miscalculation in 2002 of Mr. Mayard’s future pension as arguably requiring a “supplementary partition,” as that concept is contemplated in La. C.C. art. 1401. The extra years Mr. Mayard remained employed resulted in additional retirement benefits which may have been completely outside the parties’ intent for the partition. Even when an original partition explicitly purports to be a full and final property settlement between the spouses, the courts properly allow supplemental partition of omitted assets when the facts and intent of the parties warrant it. Sullivan v. Sullivan, 42,923 (La.App.2d Cir.2/13/08), 976 So.2d 329, 335, writ denied, 08-0816 (La.6/6/08), 983 So.2d 921. There is no prescriptive period applicable to the right of a co-owner of property to bring a peti *470 tion to partition the property. Id. at 336. Moreover, even if that imprescriptibility concept may not precisely fit to govern prescription for dealing with the added portion of Mr. Mayard’s pension which resulted after September 2003, the supplementation to the partition which he now seeks is not a claim for rescission of the partition. Therefore, the shorter five year prescriptive period of La. C.C. art. 3497 does not apply.