SCHOTT, Judge.
The City of New Orleans has appealed from a judgment in favor of plaintiff for *95 damages for the City’s wrongful conversion of his automobile. The City contends its exception of prescription was erroneously overruled and that plaintiff failed to establish his ownership of the vehicle.
Plaintiff filed suit on April 2, 1984 alleging his auto was wrongfully seized by the City on September 1, 1983. However, he subsequently amended his petition to allege the date of the seizure as November 2,1982, and evidence at trial confirmed this date.
An action for wrongful conversion is prescribed by one year. C.C. art. 3492 (formerly C.C. art. 3536); Madden v. Madden, 353 So.2d 1079 (La.App. 2d Cir.1977). Although the pleadings suggested that plaintiffs claim was prescribed he established the City had taken his vehicle as evidence against him and would not release it without a court order. He testified that the court proceedings against him lasted for a year and a half during which time he appeared in court on fourteen occasions and tried three times to get his car released. The trial court believed his testimony and overruled the exception of prescription because plaintiff did not have knowledge as to when the vehicle was sold.
A basic rule of law with respect to prescription requires that possession be adverse to the one against whom prescription is running. In this case plaintiff was given to believe that he would regain possession of his vehicle at the conclusion of the court proceedings. Not until he saw an acquaintance driving his car did he learn the City had sold it without notice to him. Furthermore, plaintiff’s cause of action is based on wrongful conversion of his auto. Presumably, the City’s initial seizure and continued retention of the vehicle while the court proceedings were pending was legal and not wrongful. Under these circumstances the trial court correctly overruled the exception of prescription.
In support of its contention that plaintiff failed to prove ownership of the vehicle seized, the City relies on two items, a discrepancy between the serial number of the car described in plaintiff’s automobile registration certificate and the serial number of the automobile seized by the City; and the fact that plaintiff in his amended petition described his automobile as a 1972 Ford while the records of the seizure describe a 1974 Ford.
On the other hand plaintiff testified that the seized car was his and he provided details as to the time of its purchase and the price paid, a number of major repairs he performed on the car and the cost of each including installation of a new motor, and his discovering someone driving his car after the City had sold it. While the discrepancies cited by the City are significant they do not compel a rejection of plaintiff’s testimony which the trial court found credible.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.