808 So.2d 677 (2001)
Ahmad TAIAE
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 2000 CA 0915.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*678 Mark M. Lazarre, Baton Rouge, Counsel for Plaintiff/Appellant, Ahmad Taiae.
James L. Hilburn, Special Assistant Parish Attorney, Baton Rouge, Counsel for Defendants/Appellees, City of Baton Rouge and Parish of East Baton Rouge.
Before: GONZALES, PETTIGREW, *679 and SEXTON,[1] JJ.
GONZALES, J.
This is an appeal by Ahmad Taiae from a judgment dismissing his suit against the City of Baton Rouge (City) and the Parish of East Baton Rouge (Parish) based on an exception of prescription.

FACTUAL[2] AND PROCEDURAL BACKGROUND
On September 22, 1993, agents of the United States Border Patrol questioned Mr. Taiae and seized $6,800.00 from his possession. The money was turned over to the Baton Rouge City Police Department and Mr. Taiae was given a receipt. It is undisputed that Mr. Taiae was never charged with any crime.
On or about January 20, 1995, the money was transferred to the general treasury of the City Parish of East Baton Rouge (City Parish). In 1998, Mr. Taiae wrote a letter to the City Parish demanding return of the money. The money was not returned and no forfeiture proceeding or lawsuit was filed by the City or the Parish relating to the money.
On January 5, 1999, Mr. Taiae filed the instant suit against the City and the Parish (defendants), seeking return of the money and damages for the alleged wrongful retention of the money. The defendants subsequently filed an exception of prescription, contending Mr. Taiae's cause of action was one for the tort of conversion and had prescribed, because the suit had not been filed within one year from the date the money was seized from him. A hearing on the exception was held on February 22, 1999, and on February 10, 2000, the trial court signed a judgment, granting the exception and dismissing Mr. Taiae's suit with prejudice.
Mr. Taiae appeals from the adverse judgment, claiming the trial court erred by granting the defendants' exception and by failing to order the return of the money.

DISCUSSION
The issue to be addressed herein is the timeliness of Mr. Taiae's claim for return of the seized money.
In the trial court, the defendants contended Mr. Taiae's suit alleged the tort of conversion, which is delictual in nature and subject to the liberative prescription of one year. La. C.C. art. 3492. There is jurisprudential support for the application of this one-year prescriptive period in a case such as the instant one where property has been seized by law enforcement and later not returned. In Dillon v. City of New Orleans, 534 So.2d 1373 (La.App. 4 Cir. 1988), New Orleans City Police executed a search warrant at a residence and seized hundreds of items of personal property. The homeowners and their two sons were arrested. The district attorney accepted charges against the homeowners' sons for possession of stolen property, but refused charges against the homeowners. Dillon, 534 So.2d at 1373-1374. Almost two years after the seizure, the homeowners filed suit against the City. The suit was tried as an action for wrongful conversion of property, *680 and the trial court determined prescription did not begin to run until the homeowners had knowledge of the loss of their property. Id. In particular, the Dillon court noted that prescription could not begin to run when the property was initially seized because the City's possession of the property was not adverse to the plaintiffs as long as it was being held as evidence. Id. The Dillon court further noted that the plaintiffs therein were entitled to notice that the City would release their property to them before disposing of it, and that prescription did not begin to run until plaintiffs had knowledge of the loss of their property. Id.
Even if Mr. Taiae's cause of action is subject to a one-year prescriptive period, we conclude the defendants failed to carry their burden of proving the suit was prescribed as a conversion action. There is no evidence in the record indicating when Mr. Taiae knew or should have known of the loss of his money. As in Dillon, the defendants' possession of the money was initially lawful because it was seized in connection with a criminal investigation. However, at some point, when the decision was made not to charge Mr. Taiae with a crime, the defendants' possession of the money arguably constituted conversion because it was "an act in derogation of the plaintiff's possessory rights, and any wrongful exercise of assumption of authority over another's goods, depriving him of possession." Johnson v. Hardy, 98-2282 (La.App. 1 Cir. 11/5/99), 756 So.2d 328, 333. However, there is no evidence in the record demonstrating when the defendants' possession of the seized money became adverse to Mr. Taiae's possession. Further, there is no evidence that Mr. Taiae had knowledge of the adverse possession of his property. See Dillon, 534 So.2d at 1374. Without this evidence, the date upon which the one-year prescriptive period would have begun cannot be determined. Therefore, we find the defendants failed to prove that any action for conversion assertable by Mr. Taiae was prescribed.
Aside from the theory of conversion, we note there are several statutes that deal with the disposition of seized property.[3] If there is a specific statute concerning the disposition of seized property, the property shall be disposed of in accordance with the provisions thereof. La. R.S. 15:41(A). If there is no such specific statute, the disposition of property seized in connection with a criminal proceeding, but which is not to be used as evidence, is governed by the provisions of La. R.S. 15:41(B). The involvement of the United States Border Patrol and the seizure of cash from Mr. Taiae's person necessarily implies the money was seized "in connection with a criminal proceeding." *681 The fact that Mr. Taiae was not charged with a crime herein indicates the money was "not used as evidence." Therefore, La. R.S. 15:41(B) is applicable to the facts herein.
Under former La. R.S. 15:41(B)(2)(a),[4] if the owner of noncontraband property did not claim it within two years after its seizure, the court was required to order a sale of the property at a nonjudicial public sale or auction. The proceeds of the sale were to be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system. The two-year time period referenced in former La. R.S. 15:41(B)(2) is a minimum period before which a court may not act to dispose of seized property. It does not set an outside time limit within which an owner of noncontraband property must assert a claim for the property's return. State v. Baynes, 96-0292 (La.App. 4 Cir. 7/31/96), 678 So.2d 959, 961-962. Therefore, Mr. Taiae is not precluded from asserting his claim for return of the seized money under former La. R.S. 15:41(B)(2).
As a general rule, the party raising the exception of prescription has the burden of proving the facts to support the exception. Capitol House Preservation Company v. Perryman Consultants, Inc., 98-1514 (La.App. 1 Cir. 12/10/98), 725 So.2d 523, 526. Whether Mr. Taiae's claim is governed by the prescriptive period applicable to the tort of conversion, or some other time limit, we conclude the defendants failed to carry their burden of proving his claim has prescribed.

DECREE
For the foregoing reasons, the judgment of the trial court, granting the exception of prescription and dismissing Mr. Taiae's suit with prejudice, is REVERSED. This matter is REMANDED to the trial court for further proceedings consistent with this opinion.
NOTES
[1] The Honorable Fred C. Sexton, Jr., Judge (retired), Second Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The factual background of this opinion was taken from a stipulated narrative of facts signed by counsel for Mr. Taiae and the City. See La. C.C.P. art. 2131. The record contains a transcript of the hearing held on the defendants' exception of prescription. However, the transcript contains only argument of counsel and oral reasons of the trial court; there is no witness testimony or any indication that evidence was introduced at the hearing.
[3] For example, La. R.S. 40:2601 et seq. deal with the seizure of property when such is related to controlled dangerous substances. There is no evidence in the record indicating the $6,800.00 was seized from Mr. Taiae because of his involvement with controlled dangerous substances. (At the hearing on the defendants' exception of prescription, counsel for the defendants argued a drug dog "alerted on the cash for narcotics." However, argument of counsel is not evidence and cannot be considered as proof of fact. See Maxie v. McCormick, 95-1105 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 566.) As further example, La. R.S. 15:32 provides that money "used as evidence of a crime in criminal cases" that has not been disposed of within five years after final disposition of the case shall be remitted to the governing authority of the parish. However, it is undisputed that criminal charges were never brought against Mr. Taiae; therefore, the $6,800.00 was never "used as evidence of a crime in [a] criminal [case]" and La. R.S. 15:32 does not apply. Thus, it appears the money at issue in this appeal was improperly remitted to the general treasury of the City Parish.
[4] In 1999, the legislature amended La. R.S. 15:42(B)(2) to change the time period within which the court is precluded from taking action regarding seized noncontraband property from two years to six months. 1999 La. Acts No. 1195, § 1. We apply the version of the statute in effect at the time of the seizure. See State v. Lamb, 31, 919 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270, 1274.