# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-190

**ROGERS BROWN**

**VERSUS**

**MICHAEL J. NEUSTROM, LAFAYETTE PARISH SHERIFF**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-1170
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**Robin L. Jones**
**Stephen J. Oats**
**Oats & Hudson**
**100 E. Vermilion, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**Counsel for Defendant-Appellee:**
  **Michael J. Neustrom, Lafayette Parish Sheriff**

**Rogers Brown**
**In Proper Person**
**Louisiana State Penitentiary**
**Angola, LA 70712**
**Counsel for Plaintiff-Appellant**
  **Rogers Brown**

**Pickett, Judge.**

The plaintiff, Rogers Brown, appeals a judgment of the trial court granting the defendant's Exception of Prescription and dismissing his suit with prejudice. For the following reasons, we reverse and remand for further proceedings.

## FACTS

In September 1998, the Lafayette Parish Sheriff's Office arrested the plaintiff, Rogers Brown, in connection with its investigation into the death of John K. Bernard. On September 29, 1998, sheriff's deputies seized Brown's yellow four-door Cadillac from his mother's house in connection with the investigation.

On January 28, 2002, Brown pled guilty to manslaughter in the death of Bernard. On May 13, 2002, he was sentenced to fifteen years imprisonment and is currently incarcerated at the Louisiana State Penitentiary.

On March 9, 2002, Brown filed a Petition to Release Property against Michael Neustrom, the Sheriff of Lafayette Parish, in the Fifteenth Judicial District Court for Lafayette Parish, seeking to have the yellow Cadillac released to his mother. In response, Sheriff Neustrom filed a Peremptory Exception of Prescription, alleging that Brown's cause of action was prescribed pursuant to La.R.S. 15:41(B).

At the time that the vehicle was seized[1], La.R.S. 15:41 stated, in pertinent part:

> A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.

> B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:

---

[1]The two year time period in Section B(2) was amended to six months by 1999 La. Acts No. 1195, § 1. As the property was seized before the change, we will apply the previous law.

1

(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.

(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order:

(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.

(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.

Sheriff Neustrom alleges that on June 25, 2003, pursuant to a request by the Sheriff's Office, Assistant District Attorney Daniel Landry signed an "Evidence Disposition Form," authorizing the Sheriff's Office to dispose of "all remaining evidence" in the criminal case concerning Brown. Pursuant to this authorization, according to Lt. Frank Durand, the Sheriff's Office released the Cadillac to "a private individual for disposal and/or destruction."

Sheriff Neustrom argues that any right Brown had to the return of the property prescribed two years from the date it was seized, September 29, 2000, or at the latest

2

on June 25, 2003, when the District Attorney's Office authorized disposal of the vehicle.

The trial court rendered its judgment sustaining the Exception of Prescription and dismissing the plaintiff's suit with prejudice on June 4, 2004. Brown now appeals that judgment.

## ASSIGNMENTS OF ERROR

The plaintiff-appellant, Rogers Brown, appearing *pro se*, asserts four assignments of error:

1.    [T]he trial court erred by granting defendant['s] peremptory exception of prescription.

2.    [T]he trial court erred in dismissing plaintiff['s] civil action with prejudice at plaintiff's cost.

3.    [T]he trial court erred in his reasons for Judgment, when he states plaintiff did not claim his property within two years.

4.    Did the trial court err in his Judgment when no one notified plaintiff that his property was released by the sheriff's office[?]

## DISCUSSION

The Sheriff advocates the position that La.R.S. 15:41(B) sets forth a time limit for claiming property and states that failure to claim property within the two-year time limit causes the claim to prescribe. That argument is not, however, supported by the language of the statute. First, Section A does not apply because there is no specific statute governing the disposition of the vehicle. Subsection B(1) states:

> B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
>
> > (1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its

3

destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.

The facts here support a finding that the vehicle no longer had any usefulness as evidence once Brown pled guilty to manslaughter. Thus, subsection B(1) requires that the property be returned to the owner unless it is contraband. There is no evidence that the vehicle is contraband, therefore the vehicle should have been returned to Brown once the Sheriff or District Attorney no longer intended to use it as evidence. Since the vehicle was not returned to Brown, we now move to subsection B(2). Subsection B(2) states:

(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order:

(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.

(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.

As discussed, the vehicle is not contraband; therefore, the second clause applies. There is no evidence that Brown claimed the property within two years of the date it was seized. In this case, the statute requires that the **court** order the property be sold or disposed of as it deems appropriate. The evidence in this case shows only that the District Attorney's Office authorized the Sheriff's Office to dispose of the vehicle. The statute clearly requires the **court** to issue an order disposing of the property. Had the court ordered the disposal of the property after the two-year time period had

4

elapsed, then Brown's claim would not be viable. The Sheriff's Office defense that the District Attorney's Office authorized the disposal of the vehicle cannot hold up, since the District Attorney is not a court.

The first circuit reached the same conclusion in *Taiae v. City of Baton Rouge*, 00-195 (La.App. 1 Cir. 6/22/01), 808 So.2d 677. In *Taiae*, the Border Patrol seized cash from the plaintiff in connection with a criminal proceeding. The cash was turned over to the Baton Rouge City Police Department. The plaintiff was never charged with a crime. The Baton Rouge police, however, deposited the cash into the general treasury of the City Parish of East Baton Rouge. The plaintiff filed a conversion action. The district court held that the claim had prescribed, but the first circuit reversed. In its opinion, the court discussed La.R.S. 15:41:

> Aside from the theory of conversion, we note there are several statutes that deal with the disposition of seized property. If there is a specific statute concerning the disposition of seized property, the property shall be disposed of in accordance with the provisions thereof. La. R.S. 15:41(A). If there is no such specific statute, the disposition of property seized in connection with a criminal proceeding, but which is not to be used as evidence, is governed by the provisions of La. R.S. 15:41(B). The involvement of the United States Border Patrol and the seizure of cash from Mr. Taiae's person necessarily implies the money was seized "in connection with a criminal proceeding." The fact that Mr. Taiae was not charged with a crime herein indicates the money was "not used as evidence." Therefore, La. R.S. 15:41(B) is applicable to the facts herein.
>
> Under former La. R.S. 15:41(B)(2)(a), if the owner of noncontraband property did not claim it within two years after its seizure, the court was required to order a sale of the property at a nonjudicial public sale or auction. The proceeds of the sale were to be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system. **The two-year time period referenced in former La. R.S. 15:41(B)(2) is a minimum period before which a court may not act to dispose of seized property. It does not set an outside time limit within which an owner of noncontraband property must assert a claim for the property's return.** *State v. Baynes*, 96-0292 (La.App. 4 Cir. 7/31/96), 678 So.2d 959, 961-962.

5

Therefore, Mr. Taiae is not precluded from asserting his claim for return of the seized money under former La. R.S. 15:41(B)(2).

*Taiae*, 808 So.2d at 680-81 (emphasis added) (footnote omitted).

Prescription statutes are to be strictly construed against prescription. *Lima v. Schmidt*, 595 So.2d 624 (La.1992). The party pleading prescription ordinarily bears the burden of proving that prescription has extinguished the obligation. *Compton v. St. Paul Fire & Marine Ins. Co.*, 01-386 (La.App. 3 Cir. 10/3/01), 796 So.2d 896. As the Sheriff has not met this burden, the judgment sustaining the Exception of Prescription is reversed.

Since we find merit in the appellant's first three assignments of error, we find it unnecessary to discuss the appellant's fourth assignment of error.

This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the Lafayette Parish Sheriff's Office.

**REVERSED AND REMANDED.**