KUHN, J.
[ ^Appellant, Joseph V. Foster, Jr., appeals the trial court’s judgment granting a peremptory exception raising the objection of prescription to his motion for return of seized property filed by defendant, Willie Graves, in his capacity as Sheriff of Livingston Parish (the Sheriff), dismissing his claims against the Sheriff, and denying a request to impose sanctions against the Sheriff. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Foster was arrested on or around November 5, 1983, for alleged criminal conduct. In conjunction with the criminal investigation, numerous personal items were seized by government officials,[1] which Foster avers he owned or possessed and that they have a value in excess of $300,000. Foster was initially charged with numerous offenses, but all charges were nolle prossed except simple burglary of a pharmacy.
Foster was convicted of simple burglary of a pharmacy by a jury on August 21, 1985. He appealed the conviction to this court. On May 27, 1987, this court set aside the jury’s verdict and entered the verdict of guilty of simple burglary. Foster applied for a writ to the supreme court, which was granted in part on February 12, 1988. The supreme court vacated this court’s opinion on Foster’s claim of denial of a public trial and remanded the case to the trial court for an ^evidentiary hearing before a different judge, expressly noting that a new trial may be granted if the evidence warranted it. The writ was otherwise denied.
A hearing before Judge Bruce Bennett was held on May 24, 1988, and on June 24, 1988, he denied Foster relief. A review of an out-of-time appeal of Judge Bennett’s ruling was undertaken by this court on May 11, 2001, and the denial of relief was affirmed based on a finding that Foster’s right to a public trial had not been violated. On January 30, 2004, the supreme court denied Foster’s writ application. Thus, Foster’s conviction for simple burglary had become final.
On May 14, 2003, Foster filed this motion for return of property. He subsequently filed a motion of recusal, seeking to have counsel for the Sheriff relieved from representation. The Sheriff filed a peremptory exception raising the objection of no right of action in which he asserted that Foster had failed to claim ownership or possession of any of the seized items in his pleading. The Sheriff also filed a peremptory exception averring that Foster’s claim was prescribed. After a hearing,[2] *202 the trial court denied Foster’s request to recuse the Sheriffs counsel and sustained the exception of no right of action. A ruling on the exception of prescription was implicitly pretermitted. A judgment was signed on March 15, 2006.[3]
^Foster subsequently amended his pleading and the Sheriff filed a peremptory exception again raising the objection of prescription. After a hearing on October 16, 2006,[4] the trial court sustained the objection and, in a judgment signed on September 10, 2008,[5] dismissed Foster’s claim for return of the seized property. This appeal follows.
DISCUSSION
Property seized in connection with a criminal proceeding must be returned to the owner once it is not needed as evidence, unless it is declared to be contraband or forfeited under a specific statute. La. Const., Art. I § 4; La. R.S. I.45:41. According to the version in effect at the time of the seizure, La. R.S. 15:41 provided in pertinent part:
*203 A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order:
(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.[6]
The trial court stated in its written reasons for judgment, “The record is devoid of any prior proceedings consistent with the provisions of [La.] R.S. 15:41, ^seeking the disposition or destruction of the property under the terms of the statute. Rather, the property, if it still exists, remains undisposed of through legal process.”
In concluding Foster’s claim for return of the seized property was prescribed, the trial court applied the ten-year period set forth in La. C.C. art. 3499. Foster urges that this was error, suggesting that because his claim is governed by La. R.S. 15:41, the prescriptive period set forth in Article 3499 is inapplicable.
La. R.S. 15:41 must be construed in favor of maintaining an owner’s property rights because of the explicit constitutional directive that “[p]ersonal effects shall never be taken,” La. Const. Art. I § 4. Because there is no express provision that an owner abandons all rights if no claim is made within two years, the time limit of La. R.S. 15:41 B(2) must be interpreted as a minimum period before a court may act to dispose of the seized property. State v. Baynes, 96-0292 (La.App. 4th Cir.7/31/96), 678 So.2d 959, 961. Thus, the two-year period set forth in La. R.S. 15:41 B(2) is not a prescriptive period. See also Taiae v. City of Baton Rouge, 2000-0915 (La.App. 1st Cir.6/22/01), 808 So.2d 677 (holding a claim for return of property seized by government officials in conjunction with a criminal investigation was a conversion action for which the one-year prescriptive period for delictual actions was applicable).
*204 The burden of proving prescription is on the one claiming its benefits. Dillon v. City of New Orleans, 534 So.2d 1873, 1374 (La.App. 4th Cir.11/29/88). According to La. C.C. art. 3499, “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” Likening Foster’s demand for |7return of the seized property to claims for an accounting between co-owners of property, see Succession of Moore, 97-1668 (La.App. 4th Cir.4/1/98), 737 So.2d 749, writ denied, 99-0781 (La.4/30/99), 743 So.2d 207, and Ellias v. Ellias, 94-1049 (La.App. 3d Cir.3/1/95), 651 So.2d 939, writ denied, 95-0832 (La.5/5/95), 654 So.2d 333, the trial court reasoned, “in the absence of any other prescriptive period specifically provided for by statute, the default prescriptive period for bringing personal actions as set forth in Article 3499 [applies].”
Prescription cannot begin to run when the property is initially seized in conjunction with a criminal investigation because the government’s possession of the property is not adverse to the owner’s as long as it is being held as evidence. See Dillon, 534 So.2d at 1374. Prescription cannot begin to run until the owner has knowledge of the loss of his property. Id.
Citing Taiae, 2000-0915 at p. 3, 808 So.2d at 680, Foster contends that until he was notified that the property would be released or disposed of by lawful avenues, prescription on his claim did not commence to accrue. He maintains that until his conviction became a final judgment, the government’s retention of the seized property continued to be adverse to him since it was potentially needed as evidence in any possible retrial. He insinuates that prescription on his claim for return on the seized property could not have commenced until after January 30, 2004, when the supreme court denied his writ application (reviewing Judge Bennett’s denial of a new trial based on the public trial issue) and that, therefore, his pleading filed in May 2003 was timely asserted.
In Taiae, the court examined retention of $6,800 in cash by the Baton Rouge City Police Department after the United States Border Patrol seized the 18money from Tai-ae in conjunction with its criminal investigation. Taiae was never charged with a crime. Five years after the seizure, Taiae filed a lawsuit seeking return of the cash under La. R.S. 15:41. Finding that Taiae’s action alleged the tort of conversion, subject to the liberative prescriptive period of one year for delictual actions, see La. C.C. art. 3492, this court determined that because there was no evidence in the record demonstrating when the City’s possession of the seized money became adverse to Taiae’s, the government defendants failed their burden of proving when the one-year prescriptive period commenced. 2000-0915 at pp. 3-4, 808 So.2d at 679-80.
Unlike the plaintiff in Taiae, Foster was arrested and charged with a crime on November 5,1983. We hold that at the time of his arrest, Foster was notified that the government’s retention of those items that were noncontraband and were not to be used as evidence was no longer adverse to Foster’s possession of that property. Nothing precluded Foster from asserting a claim for return of this property after the expiration of the two-year period during which the trial court may not act to dispose of seized property set forth in La. R.S. 15:41 B(2). For nearly twenty years after his arrest, Foster chose not to invoke a proceeding under La. R.S. 15:41 so as to test whether the items seized were “evidence tending to prove the commission of the offense,” which is the object of a law seizure, see La.C.Cr.P. art. 161 A(3), or noneontraband property for which the owner could make a claim under La. R.S. 15:41 B(2). Thus, whether the allegations *205 of the government’s retention of his property stated in his pleading are characterized as a conversion claim subject to the one-year prescriptive period for delictual actions under Article 3492 as in Taiae, or a personal action more akin to a demand for an | ^accounting subject to the ten-year prescriptive period set forth in Article 3499 as the trial court reasoned, Foster’s claim is prescribed.
Although Foster maintains that he was not able to assert a claim for return of the seized property until after it was no longer required for use as evidence, we find no merit in this contention. Once the charge of burglary of a pharmacy was brought against Foster, he was in a position to assert which of the seized items were non-contraband and not to be used as evidence. Clearly, retention of items such as four vehicles, two boats, an antique coo-coo clock, children’s clothing, and fishing poles were outside the ambit of the charge. And two years of discovery certainly allowed Foster ample opportunity to discover the State’s theory of the case so as to exclude many of the items he has listed in his pleading. Foster’s reliance on State v. Bordelon, 538 So.2d 1087 (La.App. 3d Cir.), -writ denied, 546 So.2d 1211 (La.1989) (and the cases cited therein) is misplaced because unlike the claimants in those cases, Foster chose not to timely assert a claim to seized items he believed could not be used by the State as evidence against him (i.e., were outside the scope of the simple burglary of a pharmacy charge). Thus, unlike Bordelon, the correctness of the trial court’s decision of whether items seized by the government were going to be used as evidence in the case against the perpetrator of the crime is not the issue presently before us because Foster waited nearly twenty years to assert his claim.
It is well settled in Louisiana jurisprudence that the purpose of a prescription statute is to afford a defendant economic and psychological security if a cause of action is not pleaded timely and to protect the defendant from stale claims and the loss of relevant proof. Craig v. Bantek West, Inc., 2003-2757, p. 10 (La. App. 1st Cir.9/17/04), 885 So.2d 1234, 1240, writ denied, 2004-2995 (La.3/18/05), 896 So.2d 1004. Thus, any injustice Foster perceives as a result of the denial of relief under La. R.S. 15:41 is inherent in the imposition of prescriptive periods.
DECREE
Because Foster had notice that the government’s retention of items seized in the criminal investigation against him was no longer adverse to his possession of them once he was charged with the crime of simple burglary of a pharmacy and expiration of the two-year delay during which the trial court may not act to dispose of seized property as set forth in La. R.S. 15:41 B(2), prescription commenced to accrue. And because he did not file his claim for return of these items until nearly eighteen years later, the Sheriff duly sustained his burden of proving the matter is prescribed. The trial court’s judgment, sustaining the exception of prescription and dismissing Foster’s motion for return of the seized property, is affirmed. Appeal costs are assessed against appellant, Joseph V. Foster.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.

. Although he identifies the Sheriff; the Livingston Parish Clerk of Court, and the City of Livingston Police Department as defendants, Foster does not allege, and the record does not establish, which governmental entity has possession of the seized properly. Thus, as Foster has done in brief, we identify the entity with possession of the seized items as the government.

. Although Foster, an indigent prisoner, designated as part of the appeal record the transcript of the hearing, see La. C.C.P. art. 2128 and art. 5185 A(l), which had been held on February 27, 2006, it was not included in the record. On April 23, 2009, we ordered the district court to supplement the record with the transcript by May 4, 2009.

. The record contains two judgments signed by the trial court on March 9, 2006, the substance of which is similar. One judgment is a handwritten document obviously prepared by Foster. The language of that judgment expressly "denies” the motion to recuse and "grants” the exception of no right of action, allowing Foster thirty days to amend his motion to cure the deficiency. The second judgment "dismisses” Foster’s motion to re-cuse and "grants” the exception of no right of action without expressly ordering amendment of the pleading within thirty days. Neither judgment addresses disposition of the exception of prescription.

. On August 24, 2006, Foster filed a motion for contempt, asserting that the Sheriff had frivolously re-urged the exception of prescription and that his attorney should be "duly punished” for raising a matter barred by res judicata. The matter was set for hearing on October 16, 2006. Apparently interpreting the pleading as a request for sanctions, the trial court denied relief. Because the record establishes that a ruling on the earlier-filed exception of prescription had not been addressed, the trial court correctly denied Foster relief for contempt.

. Because the record did not contain an order setting the Sheriff's prescription exception for hearing, minutes reflecting that a hearing was held, or a transcript of the hearing, on April 23.2009, this court ordered the record supplemented by May 4, 2009, with a transcript of a hearing held between August 7, 2006, the date the Sheriff filed the exception of prescription, and September 10, 2008, the date the trial court signed the judgment, granting the exception and dismissing Foster’s claim. Our order directed that if no hearing was held, the trial court was to issue a per curiam opinion explaining how the matter came before it. On May 4, 2009, a deputy clerk for the district court issued a certificate to this court stating that she had examined the record for a minute entry between the dates August 7, 2006 and September 10, 2008, and that "the record does not show that a hearing was ever held” between those dates. Thus, she certified, "there is no minute entry or transcript to be transcribed.” This court contacted the district court and requested that the trial court issue the per curiam opinion explaining the manner in which the exception came to disposition. On May 6, 2009, the trial court requested an extension of time to issue the per curiam opinion, and on May 11, 2009, this court received the opinion. In the per curiam opinion, the trial court referenced Foster’s motion for contempt and noted that it was set for hearing on October 16, 2006. The trial court ordered transcription of the October 16, 2006 hearing and supplementation of the record with the transcript. Noting that the minute clerk assigned to the court on October 16, 2006 was now deceased, the trial court stated "the minute entry of the proceeding may be deficient.” Explaining how the prescription exception came to disposition, the trial court pointed out, "The transcript [from October 16, 2006 hearing that the trial court ordered transcribed in conjunction with our April 23, 2009 order] indicates that a discussion was held as to Foster’s motion for contempt, and it was concluded that this motion could not be disposed of without first considering the merits of the pending exception of prescription itself. This consideration was agreed to by all the parties in court on October 16.2006.”

. In 1999, the legislature amended La. R.S. 15:41 (B)(2) to change the time period within which the court is precluded from taking action regarding seized noncontraband property from two years to six months. 1999 La. Acts No. 1195, § 1. We apply the version of the statute in effect at the time of the seizure. See Taiae v. City of Baton Rouge, 2000-0915, p. 5 n. 4 (La.App. 1st Cir.6/22/01), 808 So.2d 677, 681 n. 4.