PETTIGREW, J.
UAntonio Tyson, an inmate at Rayburn Correctional Center in Angie, Louisiana, appeals the district court’s denial as untimely his motion seeking the return of certain items of property seized by law enforcement following his arrest on December 7, 1991. For the reasons that follow, we hereby vacate the judgment and remand for further proceedings.
In December 1991 and January 1992, search warrants were issued and executed for the residence and person of Antonio Tyson, defendant herein. Pursuant to said warrants, certain property was seized. On January 22, 1992, Mr. Tyson was charged by grand jury indictment with one count of aggravated rape, one count of armed robbery, and one count of burglary. Mr. Tyson pled guilty on October 18, 1998, to one count of forcible rape, one count of armed robbery, and one count of burglary, and was sentenced to forty years imprisonment.
On September 22, 2008, Mr. Tyson, appearing in proper person, filed a pleading entitled, “Return of Seized Property”, wherein he sought the return of $1,500.00 dollars in cash together with certain unspecified items of jewelry and other personal items and effects. Mr. Tyson claimed said items were seized from the residence of his mother where he was living at the time of his arrest. Mr. Tyson further alleged that more than 16-1/2 years had elapsed since his arrest and that no forfeiture hearing had ever been held. On September 30, 2008, the trial court, ex parte, and without a hearing, denied said motion on the grounds it was not timely filed. Upon receiving notice of judgment, Mr. Tyson filed a Notice of Intent to Seek Writs on December 5, 2008. This court, on July 9, 2009, granted Mr. Tyson’s writ and remanded this matter to the trial court with instructions that Mr. Tyson be granted an appeal.[2]
The issue raised in connection with this appeal concerns the timeliness of Mr. *430 Tyson’s claim for return of his property allegedly seized by law enforcement.
|3In his pro se brief to this court, Mr. Tyson has put forth a supplemental argument asserting that his previous counsel filed a motion on November 22,1993, seeking the return of unspecified personal effects seized by law enforcement at the time of his arrest, and that his present request is therefore timely. The State alleges in response that the 1993 motion filed on behalf of Mr. Tyson sought the return of personal effects seized by law enforcement was not the pro se motion at issue in this appeal wherein Mr. Tyson seeks the return of seized property. The State further states that in contravention of La. R.S. 15:41, the 1993 motion was never served upon the State and failed to request a contradictory hearing. In conclusion, the State contends that because the request at issue herein was not made within two years from the date of seizure, the trial court properly concluded the request was untimely.
Louisiana Revised Statute 15:41(B) governs the disposition of property seized in connection with a criminal proceeding in cases where there is no specific statute concerning the disposal of property not to be used as evidence, or no longer needed as evidence. In 1991, the date of the seizure in this case, La. R.S. 15:41(B)(2)(a),[3] provided that if the owner of noncontra-band property did not claim it within two years after its seizure, the court was required to order a sale of the property at a nonjudicial public sale or auction. The proceeds of the sale were to be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system. Taiae v. City of Baton Rouge, 00-0915, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 677, 681. This statute must be construed in favor of maintaining an owner’s property rights because of the explicit constitutional directive that “[p]er-sonal effects shall never be taken.” La. Const. Art. 1, § 4. Because there is no express provision that an owner abandons all rights if no claim is made within two years, the time limit of La. R.S. 15:41(B)(2) must be interpreted as a minimum period before a |4court may act to dispose of the seized property. State v. Baynes, 96-0292, p. 5 (La.App. 4 Cir. 7/31/96), 678 So.2d 959, 961-962 (underscoring supplied); see also, Taiae, 00-0915 at 5, 808 So.2d at 681. The statute does not set an outside time limit within which an owner of noncontraband property must assert a claim for the property’s return. Taiae, 00-0915 at 5, 808 So.2d at 681.
In Taiae and Baynes, and later in Owens v. Book, 01-1151, p. 4 (La.App. 3 Cir. 3/6/02), 809 So.2d 1217,1219, the owners of property seized by law enforcement six, eight, and eleven years earlier respectively, which had neither been returned nor otherwise disposed of pursuant to a valid court order, were allowed to assert claims for the return of their property. We are further mindful of State v. Foster, 08-2545, (La.App. 1 Cir. 6/12/09) 43 So.3d 200, a case in which a panel of this court distinguished the Taiae case from the facts presented in Foster.
In the instant matter, the trial court signed an ex parte order dismissing Mr. Tyson’s motion seeking the return of items allegedly seized by law enforcement with *431 out a hearing due to untimeliness. Neither the State nor Mr. Tyson was given the opportunity to make a showing as required by La. R.S. 15:41(B)(2) that the seized property was contraband or that the court entered an order disposing of the property after the 2-year retention period had lapsed. Under the facts of this case, we are compelled to conclude the trial court dismissed Mr. Tyson’s petition because the trial court was of the opinion that Mr. Tyson’s claim had prescribed. Louisiana Code of Civil Procedure article 927 provides, in part, “B. The court may not supply the objection of prescription, which shall be specially pleaded.... ” The trial court committed legal error by ex parte raising the issue of prescription on its own. For this reason, we must vacate the trial court’s order of September 30, 2008, and remand this matter to the trial court for further proceedings.
Having found that Mr. Tyson has established his right to proceed by contradictory hearing for the return of his alleged property seized by law enforcement, we note that he has not complied with the procedural requirements. Louisiana Revised Statute 15:41(C) specifies that a motion for the return of property seized in connection with a criminal proceeding shall be heard contradictorily with the clerk of court. The record before this 15court does not indicate that the St. Tammany Parish Clerk of Court was made a party to any hearing regarding the disposition of this property. As Mr. Tyson has alleged the Covington Police Department, and in his earlier pleading, the St. Tammany Parish Sheriffs Office, had custody of property belonging to him, the City of Covington and possibly the St. Tammany Parish Sheriffs Office should also be made parties to this proceeding.
CONCLUSION
Accordingly, the trial court’s September 30, 2008 judgment denying Mr. Tyson’s motion seeking the return of his property is hereby vacated. This matter is remanded to the trial court for a contradictory hearing at which the St. Tammany Parish Clerk of Court, the City of Covington, and possibly the St. Tammany Parish Sheriffs Office shall be directed to show cause why the $1,500.00 dollars in cash together with certain unspecified items of jewelry and other personal items and effects allegedly seized from Mr. Tyson at the time of his arrest should not be returned to him. Costs associated with this appeal in the amount of $826.50 shall be assessed against the State of Louisiana.
JUDGMENT VACATED; CASE REMANDED.
KUHN, J. concurs.

. See, Antonio Tyson v. State of Louisiana, 2009 CW 0135 (La.App. 1 Cir. 7/9/2009).

. In 1999, the legislature amended La. R.S. 15:42(B)(2) to change the time period within which the court is precluded from taking action regarding seized noncontraband property from two years to six months. 1999 La. Acts No. 1195, § 1. We apply the version of the statute in effect at the time of the seizure. See State v. Lamb, 31,919 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270, 1274.