JAMES F. McKAY III, Chief Judge.
|, The appellant, Imad Abukhalil, appeals the judgment of the district court denying his motion to return handgun to lawful owner. Finding merit to the appellant’s argument, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.
The appellant, Imad Abukhalil, is the owner of the Quicky’s Convenience Store located at 1525 Franklin Avenue, New Orleans, Louisiana. He has owned that store at that location for over seven years. In December 2009, Mr. Abukhalil kept a lawfully purchased 9 mm. Glock 26 semi *1106 automatic handgun with serial number MPL849 in his store for protection.
On January 1, 2010, while Mr. Abukhalil was not present in his store, an employee, Mohammad Shihadeh, was arrested by New Orleans Police Department (“NOPD”) officers, shortly after he was observed discharging the firearm described above into the air in the adjacent parking lot, in celebration of the New Year. In connection with this arrest, the NOPD seized Mr. Abukhalil’s firearm.
12Mr. Shihadeh was subsequently prosecuted and convicted for a violation of La. R.S. 14:94, relative to the illegal discharge of a firearm. He was sentenced on November 4, 2010, to serve 364 days in Orleans Pariph Prison. The sentence was suspended and he was placed on two (2) years active probation and ordered to pay a $700.00 fine. Mr. Shihadeh successfully completed his probation and paid his fíne in full. For all legal purposes, this underlying case is closed.
On November 12, 2013, over three years after Mohammad Shihadeh was convicted and over one year after Mohammad Shiha-deh successfully completed his probation, Imad Abukhalil, the lawful owner of the gun that was seized by the NOPD for evidence, filed his written motion for the return of his firearm. The district court denied the motion on December 17, 2014, giving policy reasons for the denial.
Mr. Abukhalil timely filed an application for writ of certiorari with this Court on January 23, 2014, in case # 2014-K-0118. This Court denied the writ on procedural grounds and held that the district court’s decision was not erroneous as Mr. Abuk-halil had not complied with the provisions of La. R.S. 15:41(C) [1], which required a hearing “contradictorily with the clerk of court” since: 1) the release was being sought “by a person claiming to be the owner,” and 2) the handgun was 1 sphysically in the possession of the property and evidence room for the Orleans Parish Criminal District Court.
Pursuant to this Court’s ruling, Mr. Abukhalil filed a second motion seeking the return of his firearm along with a motion to appoint special process server to ensure that the Clerk of Criminal District Court was served with a copy of the motion in accordance with the provisions of La. R.S. 14:41(C). Service was effectuated. Mr. Warren Spears, supervising clerk for the property and evidence room maintained by the Clerk of Court, appeared in Section “E” on behalf of the Clerk of Criminal District Court at the contradictory hearing scheduled for June 23, 2014. After indicating on the record that the Clerk’s Office had no position on the return of the firearm, the district court denied Mr. Abukhalil’s motion for a second time. On July 23, 2014, Mr. Abukhalil filed a second writ of certiorari with this Court, under case # 2014-K-0764. On August 18, 2014, this Court denied his writ holding that he needed to seek redress by an appeal rather than a writ of certiorari. The appeal in this matter was lodged on November 19, 2014.
In his sole assignment of error, Mr. Abukhalil asserts that the trial court abused its discretion and erred when it denied the motion to return a firearm. He predicates his argument on the premise *1107 that the firearm was no longer needed for prosecution of a closed case. He also clarifies and presents evidence that he, not the defendant in the underlying case, was the lawful owner of the firearm and that he was not involved in any way with the crime. Finally, he asserts that he legally owned the firearm and possessed a special officer’s permit from NOPD that fallowed him to carry the handgun. Evidence of such was presented to the district court.
In the State’s response to this appeal it declines to take a position as to whether the appellant has shown that he is entitled to have his motion granted and his firearm returned. However, the State opines that the basis of the appellant’s motion was La. R.S. 15:41, which governs the disposition of any property seized in connection with criminal proceedings that is not subject to a more specific statute. La. R.S. 15:41(B)(1)[2], provides that when non-contraband property is no longer needed as evidence, it shall be returned to the owner upon motion contradictorily with the clerk of court. The State avers that the appellant appears to be correct in contending that this statute applies here. The State further avers that it is unaware of any grounds that may exist for contesting the appellant’s claims.
First and foremost, in reviewing this matter, constitutional consideration must necessarily be considered. La. Const. Art. I § 11 “Right to Keep and Bear Arms”, mandates that “[t]he right of each citizen to keep and bear arms is fundamental and shall not be infringed. Any restriction on this right shall be subject to strict scrutiny.” La. Const. Art. I § 4 “Right to Property”, mandates that “personal effects, other than contraband, shall never be taken.” The firearm in |squestion has never been adjudicated as contraband pursuant to La. R.S. 40:1798. Under a strict constitutional analysis and strict scrutiny review, Mr. Abukhalil is entitled to have his firearm returned.
Finally, La. R.S. 15:41(B)(1) & (C) are applicable to the instant matter and mandate the return of the seized property when the prosecution of the matter has ceased and the proscribed procedure has been followed.
Here, the property still exists, and remains undisposed of through legal process. The above cited constitutional provisions and statute must necessarily be construed in favor of maintaining an owner’s property rights. See State v. Foster, 2008-2545, p. 6 (La.App. 1 Cir. 6/12/09), 43 So.3d 200, 203. The district court has abused its discretion in failing to follow the mandates of La. R.S. 15:41(B)(1) and has failed to act in accordance with the provisions of La. Const. Art. I § 11 and La. Const. Art. I § 4.
Accordingly, the district court’s June 23, 2014 judgment, denying Mr. Abukhalil’s motion seeking the return of his property pursuant to La. R.S. 15:41, is hereby vacated and the matter is remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT VACATED; CASE REMANDED.

. §41. Disposition of property seized in connection with criminal proceedings
C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.

. B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.